Michael Paliano  
    vs.      } No. 1967  
Frank P. Del Deo.

### February 21, 1928

CAPOTOSTO, J. The plaintiff brought an action of trespass and ejectment against the defendant to recover possession of certain premises in the Town of Warwick. The jury having returned a verdict for the plaintiff, the defendant filed a motion for a new trial and also a motion in arrest of judgment.

The defendant's claim that the verdict is against the evidence and the weight thereof is dismissed because at the hearing on the motion for a new trial this ground was not seriously urged by the defendant, and, further, because a review of the facts in the case shows that the verdict not only was justified by the evidence, but that any other verdict would not have done justice between the parties.

The real ground upon which the defendant seeks to prevail is contained in his motion in arrest of judgment. In substance his claim is that the Court is without jurisdiction to enter judgment for want of a legal declaration.

This suit was begun by adopting the printed form customarily used in actions of this kind. Immediately below the printed word "being" in the first count, there is a typewritten rider fastened on to the writ describing the premises as: "Those thirteen lots of land with all the buildings and improvements thereon, etc.," which, when read in conjunction with the printed form, makes a complete sentence and conveys the thought without interruption. The limitation of space allowed for the description of the premises in the printed form of the writ in trespass and ejectment, which made it impracticable to insert the particular description in question on the writ itself, undoubtedly suggested the use of the rider to the plaintiff's attorney. The printed matter together with this typewritten rider constituted the first count of the declaration. The second count is blank. The third count contains in the open space provided for a description of the property the written words "premises herein described."

The defendant maintains that the use of the rider in the first count is improper and cannot be incorporated in the printed matter to which it is attached. He further claims that even if the use of the rider is permissible, the third count of the declaration, under which the plaintiff must recover if he can prevail at all, is incurably defective because of itself it contains no description of the premises which are sought to be recovered.

Without discussing whether or not the use of a rider is good practice, there can be no misunderstanding that the typewritten rider attached to the first count as hereinbefore described was intended to be read immediately following the printed matter which preceded it. Under this view, the first count can be sustained as stating a cause of action which definitely incorporates a reasonably accurate description of the property in litigation.

If a meaning can be given to the words "premises herein described" in the third count, it would be a proper count in this form of action. The premises are not fully described in the third count, but are fully described in the first count. It has been held that a description can be incorporated by reference from one count to another in the same declaration. In *Fellows v. Chipman*, the Court was confronted with a similar situation. The first count described the premises as "the dwelling house and premises No. 180 Pine St., etc.;" the second count stated that the defendant was the tenant under the plaintiff of the tenement and "premises above described." In its opinion the Court says: "The objection to this count (second count) is that

it does not sufficiently describe the tene-. ment. This is done in the first count, and the description is adopted here by reference. No error need be apprehended because the full description is not repeated in every count."

*Fellows v. Chipman*, 26 R. I. 196.

The case now before the Court is as close to the Fellows case as can be imagined. Mindful of the fact, as stated in *Cox v. Prov. Gas Co.*, 17 R. I. 199, that the rule of certainty in pleading "was designed to further, not defeat the ends of justice," the Court is of the opinion that the words "premises herein described," written in the third count of the declaration in this case, reasonably interpreted mean "described in this declaration." It follows, therefore, that as construed the third count is sufficient to support a verdict in this form of action.

For the reasons above stated the Court finds that the contention raised by the defendant in his motion for a new trial and in his motion in arrest of judgment are without merit.

Motion for new trial denied.

For plaintiff: Benjamin Cianciarulo.
For defendant: Luigi De Pasquale.